UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ONE ROLEX WATCH, SERIAL NUMBER K973334,<br><br>　　　　　Defendant. | CASE NO. C05-1320JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on the motion of the United States (the "Government") for a restraining order to preserve the availability of the Defendant property pending a resolution of this action (Dkt. # 8). No party has requested oral argument, and the court finds this matter appropriate for disposition based on the parties' briefing and supporting documentation. For the reasons stated below, the court GRANTS the motion.

## II. BACKGROUND

In November 2004, the Government executed a search warrant at the residence of claimant Alexander Milman as part of an investigation of alleged health care fraud and money laundering. Among other items, the Government seized the Defendant property, a

ORDER – 1

Rolex watch (the "Rolex"). Mr. Milman moved to recover the Rolex and other property under Fed. R. Crim. P. 41(g) (No. 04-635M, Dkt. # 7).[1] The Government attempted to preserve the Rolex under administrative forfeiture law, but did not give Mr. Milman notice of the proceeding within 60 days as 18 U.S.C. § 983(a)(1)(A)(i) requires. Magistrate Judge Mary Alice Theiler issued an order on Mr. Milman's motion, finding that the Government could not retain the Rolex (and other property) under administrative forfeiture rules because it had not given timely notice to Mr. Milman. (04-635M, Dkt. # 15). Judge Theiler also found that under Rule 41's "reasonableness under all circumstances" test, Mr. Milman was entitled to the property. Id. Judge Theiler noted that the Government could commence a civil forfeiture proceeding if it wished to pursue the Rolex. Id. After the hearing on the Rule 41 motion, but before Judge Theiler's order, the Government filed its complaint in this proceeding. After Judge Theiler entered her order, the Government filed the instant motion. Judge Theiler stayed her ruling releasing the Rolex until today so that the court could consider this motion. (04-635M, Dkt. # 17).

### III. ANALYSIS

The Government seeks a restraining order allowing it to retain possession of the Rolex. Under 18 U.S.C. § 983(j)(1), the court can enter a restraining order or "take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture." The statute is silent, however, as to the standard the court should apply in deciding whether to take such action.

The Ninth Circuit has yet to consider the appropriate standard for a restraining order in a civil forfeiture case, but the Fifth Circuit has. In United States v. Melrose E.

---

[1] The court notes that Judge Theiler unsealed the record in Case No. 04-635M on September 23, 2005.

ORDER – 2

Subdivision, 357 F.3d 493 (5th Cir. 2004), the court announced that "probable cause is the proper standard of proof for continuing a pretrial restraining order" under 18 U.S.C. § 983(j)(1)(A).

The Government asks the court to adopt the probable cause standard here. Mr. Milman does not contend that a different standard applies in this circuit. The court thus reviews the Government's motion under the probable cause standard.

The court finds that the Government has established probable cause that the Rolex is subject to forfeiture. The court has reviewed the potential bases for civil forfeiture under § 981(a). It has also reviewed the only source of evidence before the court, the complaint in this action, which Internal Revenue Service Special Agent Julie Lau verified. See Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (noting that a verified complaint may serve as evidence). The complaint contains allegations that Mr. Milman purchased the Rolex with a check from a business account, and that half of the proceeds deposited into that account were obtained through Medicare and Medicaid fraud. The complaint states that the Government arrived at these conclusions after Ms. Lau and others conducted an investigation of Mr. Milman and his businesses. After considering these verified allegations, and Mr. Milman's failure to put forth any evidence in opposition, the court finds that the Government has established probable cause that the Rolex is property subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C).

The court notes that its ruling today is without prejudice to Mr. Milman's right to put forth evidence establishing that the Rolex is not subject to civil forfeiture. On the motion before the court, however, Mr. Milman has offered no such evidence. The court thus grants the Government's motion based on the allegations made in its verified complaint. See United States v. $191,910.00 in United States Currency, 16 F.3d 1051,

ORDER – 3

1068 (9th Cir. 1994) (noting that Government must have probable cause before commencing a judicial forfeiture action).

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion for a restraining order (Dkt. # 8).  The Government may retain possession of the Rolex until further order of the court.

DATED this 3rd day of October, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 4